MILLIGAN LAWLESS TAYLOR MURPHY &
BAILEY, P.C.
4647 N. 32nd Street, Suite 170
Phoenix, Arizona 85018-3351
(602) 792-3530 (Office)
(602) 307-0784 (Facsimile)

James Burr Shields II, State Bar #011711
burrshields@mltmblaw.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| TIMOTHY SEREY,<br><br>          Plaintiff,<br><br>vs.<br><br>GRAND CANYON UNIVERSITY, INC., an Arizona corporation,<br><br>          Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff, Timothy Serey, by and through counsel undersigned, as for his claim against Defendant, Grand Canyon University, Inc., alleges as follows:

1. Plaintiff is an individual residing in Maricopa County, Arizona. Defendant, Grand Canyon University, has caused to occur in the State of Arizona events out of which this complaint arises. This Court possesses jurisdiction over Plaintiff's claim pursuant to Title VII of the Civil Rights Act of 1964, 28 USC § 1331.

2. Venue in this District is appropriate under 28 USC § 1391 as the events giving rise to the cause of the action set forth in this complaint occurred in Maricopa County, Arizona.

3. Plaintiff, on April 11, 2006, filed a charge of discrimination/retaliation with the Arizona Attorney General's Office, Civil Rights Division. Plaintiff's charge was deemed filed, at that time, also, with the United Stated Equal Employment Opportunity Commission by virtue of the work sharing agreement between the two agencies. A copy of Plaintiff's

1

1  charge is attached to this complaint as Exhibit "A".

2  4.  On July 29, 2009, the United States Equal Employment Opportunity Commission issued to Plaintiff a right to sue notice. A copy of this notice is attached as Exhibit "B".

5.  Plaintiff has filed this suit before the expiration of the ninety (90) day period set forth in Exhibit B.

## GENERAL FACTUAL ALLEGATIONS

6.  Plaintiff began his employment with Grand Canyon University on or about June 20, 2004. Plaintiff's initial position with Defendant was Online Director.

7.  Plaintiff, at all times, performed his position in an exemplary fashion.

8.  Plaintiff's supervisor, at all times during his employment, was Jennifer Scott.

9.  In approximately August 2004, Jennifer Scott requested that Plaintiff meet with four (4) students enrolled in the College of Nursing who were from Nigeria. Dr. Scott asked Plaintiff to meet with these individuals because these individuals were failing a particular class. When Plaintiff met with these individuals, Plaintiff was told that the instructor of the class had remarked to them that they did not belong in the nursing program at Grand Canyon University and "should go back to Africa." Plaintiff reasonably regarded this comment to be discriminatory and reported the comment to this supervisor, Dr. Scott. Upon information and belief, no disciplinary action was taken against the teacher who made the remark nor was any investigation conducted.

10.  In approximately August 2004, an employee named Denisa Simpson was terminated from her position with Grand Canyon University. Ms. Simpson is African-American and, after her termination, filed a charge of discrimination with the United States Equal Employment Opportunity Commission.

11.  In August 2005, Plaintiff was promoted to the position of Executive Director of Training and Development.

12.  In September 2005, Plaintiff's supervisor, Dr. Scott, informed Plaintiff that it

2

1  was her opinion that Grand Canyon University was "this far" from the KKK in terms of
2  racism. She further informed Plaintiff that the University's former President, Dr. Williams,
3  was a "known White Supremist."
4      13.    In November 2005, Plaintiff co-presented a seminar on diversity with Dr.
5  Gladys Hankins. During the class, the participants, including Plaintiff, were requested to
6  describe situations in which they had either observed discrimination or had been the subject
7  of discrimination. Plaintiff, during this portion of the presentation, cited examples in which
8  he had been discriminated against on the basis of his Jewish heritage.
9      14.    This was the only occasion in which Dr. Hankins was permitted to speak at
10 Grand Canyon University. Further appearances were canceled by the University because of,
11 allegedly, a moratorium on hiring consultants. Despite this alleged moratorium, however,
12 Grand Canyon University continued to associate and pay for other consultants.
13     15.    In January 2006, Tracey Little approached Plaintiff and asked him to provide
14 her with advice in regards to harassment to which she believed she was being subjected on
15 the basis of her race – African-American.
16     16.    In February 2006, Grand Canyon University sought to terminate the
17 employment of an African-American employee named Nicole Quaw-Thompson. The
18 University enlisted the assistance of Dr. Margaret Simmons in connection with doing so.
19     17.    In February 2006, Grand Canyon University terminated the employment of Dr.
20 Margaret Simmons for refusing to cooperate with the University's termination of Nicole
21 Quaw-Simpson.
22     18.    On March 3, 2006, Dr. Scott met with Plaintiff. During this meeting, Dr. Scott
23 informed Plaintiff that he was to cease communicating with Tracey Little. Dr. Scott went on
24 to express her criticism of five (5) Grand Canyon University employees, three (3) of which
25 were African-American. After doing so, Dr. Scott asked Plaintiff "are you beginning to see a
26 pattern here?" When Plaintiff replied, "no," Dr. Scott replied "it kind of makes you wonder
27 if its worth the trouble of hiring them." During this same period of time, Dr. Scott also
28

3

1  instructed Plaintiff to cease having contact with two other African-American employees,
2  Rhea Isla and Gloria Day.

3      19.     Plaintiff, despite Dr. Scott's directive on March 3, 2006, continued to
4  communicate with Tracey Little. On or about March 6, 2006, Ms. Little filed a charge of
5  discrimination with the United States Equal Employment Opportunity Commission.

6      20.     On or about March 8, 2006, an African-American employee named Royal
7  Summers told Plaintiff that he had been instructed not to communicate with Plaintiff.

8      21.     On March 16, 2006, Dr. Scott, on behalf of Grand Canyon University,
9  terminated Plaintiff's employment. On that same date, Grand Canyon University terminated
10 the Director of Career Services, Jamise Liddell, an African-American woman who was
11 deemed by Grand Canyon University as an ally of Tracey Little.

12     22.     As previously set forth in this complaint, after Grand Canyon University
13 terminated his employment, Plaintiff filed a charge of discrimination with, *inter alia*, the
14 United States Equal Employment Opportunity Commission. After investigating the merits of
15 Plaintiff's charge, the EEOC issued a Determination in Plaintiff's favor. A copy of this
16 Determination is attached as Exhibit "C" to this complaint.

17     23.     Consistent with the Determination issued by the EEOC, Plaintiff alleges, in his
18 complaint, that Defendant terminated him because of his support and/or association with
19 African-American employees. This conduct violates Title VII of the Civil Rights Act of
20 1964. *See, e.g., Tetro v. Elliot Popham Pontiac, Oldsmobile, Buick & GMC Trucks*, 173 F.3d
21 988, 994 (6th Cir. 1999); *Drake v. Minnesota Mining and Manufacturing Co.*, 134 F.3d 878,
22 884 (7th Cir. 1998) and *Holcomb v. Iona College*, 521 F.3d 130, 138 (2nd Cir. 2008).

23     24.     As a direct and proximate result of Defendant's unlawful termination of his
24 employment, Plaintiff sustained damages in the form of lost past and future income and
25 emotional distress.

26     25.     In regards to its treatment of Plaintiff, Defendant acted with malice or with
27 reckless indifference to the federally protected rights of Plaintiff and, therefore, Plaintiff is

28

1 entitled to recover punitive damages.

## DEMAND FOR JURY TRIAL

26. Plaintiff, pursuant to Federal Rule of Civil Procedure 38(b), hereby demands a trial by jury in these proceedings.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. For economic damages, past and future, in an amount to proven at trial;

b. For compensatory damages for emotional distress, in an amount to be proven at trial;

c. For punitive damages;

d. For prejudgment and postjudgment interest on the principal award at the highest rate allowable by law;

e. For interest on its award of costs at the highest rate allowed by law from the date of the judgment herein until paid;

f. For attorneys' fees incurred herein;

g. For all costs incurred herein; and

h. For such further relief as the Court deems just.

RESPECTFULLY SUBMITTED this 14th day of October, 2009.

MILLIGAN LAWLESS TAYLOR MURPHY & BAILEY, P.C.

s/James Burr Shields
James Burr Shields

**EXHIBIT "A"**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 540-2006-01522 |

**Arizona Attorney General's Office, Civil Rights Division** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Timothy T. Serey | (480) 860-5306 | 12-17-1942 |

Street Address: 9140 N 118th Place, Scottsdale, AZ 85259

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| GRAND CANYON UNIVERSITY | 201 - 500 | (602) 589-2300 |

Street Address: 3300 W. Camelback Rd., Phoenix, AZ 85017

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 03-16-2006
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed with the above named Respondent.

I believe that I was subjected to retaliatory actions including but not limited to termination from my employment in violation of Title VII of the Civil Rights Act of 1964, as amended because of my support and/or association with African-American employees who were subjected to various acts of discriminatory behavior from upper management officials of Respondent.

Examples of treatment I have been subjected to but not limited to are as follows:

Being told in a conversation with Dr. Jennifer Scott that the University was only "this far" (using her fingers to measure about an inch) from the KKK. Following a diversity workshop presented by Dr. Gladys Hankins, which I co-facilitated, I was informed that the rest of the sessions would be cancelled due to budget cuts. This occurred despite the University paying several other consultants to visit. Further, after a few weeks of being named as the Executive Director of Training and Development I had responsibilities taken away from me. I was told not to speak to several African-American employees, one of which filed a discrimination complaint against the University. On March 16, 2006, I was terminated without being given a reason for the decision.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 4-11-06    Charging Party Signature: *Timothy T. Serey*

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

**EXHIBIT "B"**

EEOC Form 161-A (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Dr. Timothy T Serey<br>9140 N 118th Place<br>Scottsdale, AZ  85259 | From: | Phoenix District Office<br>3300 North Central Ave<br>Suite 690<br>Phoenix, AZ 85012 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2006-01522  VH | Jeremy Yubeta<br>Supervisory Investigator | (602) 640-5028 |

**TO THE PERSON AGGRIEVED:**

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that is will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### – NOTICE OF SUIT RIGHTS –
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Rayford O. Irvin* (signature)      JUL 29 2009

Enclosure(s)     *(Date Mailed)*

**Rayford O. Irvin, Acting District Director**

cc: Grand Canyon University - Dr. Kathy Player
    Ford & Harrison - Justin Pierce
    James Burr Shields

**EXHIBIT "C"**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
(602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

Charge No.: 540-2006-01522

Dr. Timothy Serey                                   Charging Party
9140 N. 118th Place
Scottsdale, AZ 85259

Grand Canyon University                             Respondent
3300 W. Camelback Rd.
Phoenix, AZ 85017

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleged that Respondent treated him unfavorably and terminated his employment because of his support and/or association with African American employees whom he believed were subjected to various acts of discriminatory behavior from upper management officials of Respondent.

I have considered all the evidence obtained during the investigation and find that there is reasonable cause to believe that there is a violation of Title VII, in that Respondent terminated Charging Party's employment because of his association and/or support of African American employees who opposed actions by Respondent they and Charging Party believed to be discriminatory.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate the unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the confidentiality provisions of Title VII, the ADEA and Commission Regulations.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

A Commission representative will contact each party in the near future to begin conciliation.

On behalf of the Commission:

FEB 2 5 2009
_____
Date

*Chester V. Bailey* (signature)
_____
Chester V. Bailey
District Director